OPINION
SILER, Circuit Judge.
Philip Garland appeals the order of the district court denying his motion to strike a sentence in the government’s sentencing memorandum filed in his co-defendant’s case. For the following reasons, we will affirm.
*638 I.
Garland and four co-defendants, including Judy Gemmill, were indicted for a fraudulent scheme involving mortgage loans insured by the government. Garland pled guilty to one count of conspiracy to make false statements to the government concerning the sale of one house, and in 2005 was sentenced to eighteen months in prison. Gemmill went to trial and was found guilty. As part of her sentencing in 2007, the government submitted a memorandum which compared her role to that of the other co-defendants, and stated in a parenthetical: “Defendant Garland directed the fraud and made the most money from it.” Garland moved to strike the statement. The government did not respond and the motion was considered at Gemmill’s sentencing hearing, without notice to Garland. After hearing arguments from the government and Gemmill’s counsel, the district court denied the motion, finding that Garland lacked standing and that the court did not have jurisdiction to hear the motion. Despite signing a plea agreement waiving the right to appeal, Garland appeals the district court’s denial of his motion.
II.
A. Jurisdiction
After the notice of appeal was filed, the Clerk of Court sent a letter to counsel directing them to address whether the order was a final appealable order under 28 U.S.C. § 1291. Despite making arguments that this court lacks jurisdiction in its response, the government may have waived this issue in its brief by asserting this court has jurisdiction. Therefore, we will assume jurisdiction under section 1291.
B. Applicability of Appeal-Waiver Provision
Garland asserts that this appeal falls into the exception to the appeal-waiver provision that appeal may be taken if his sentence exceeds the statutory maximum. Garland was originally sentenced to the eighteen months that was agreed upon in his plea agreement. Any “public accusation” does not create additional punishment that would make this exception applicable. Additionally, he argues the appeal should be allowed because the government breached its obligations under the agreement by making additional unproven accusations against him in the memorandum. This is untenable because the agreement specifically stated that the government was not limited in its comments in, and responses to, any post-sentencing matters. Finally, he argues the waiver is inapplicable because a motion and appeal seeking to enforce a plea agreement is a separate proceeding. This is unavailing because the plea waiver barred him from appealing or collaterally attacking his “conviction, sentence, or any other matter relating to this prosecution.”
C. Miscarriage of Justice
Garland argues that even if this court finds the waiver valid, it should not be enforced because doing so would work a miscarriage of justice. If the waiver is made knowingly and voluntarily, the appellate court should enforce it unless doing so would work a miscarriage of justice. United States v. Khattak, 273 F.3d 557, 562 (3d Cir.2001). We have endorsed the approach of the First Circuit in United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir.2001), when it outlined the following factors to be considered by the court in determining a miscarriage of justice:
[T]he clarity of the error, its gravity, its character (e.g., whether it concerns a *639 fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.
Khattak, 273 F.3d at 563.
Garland does not argue that his appeal waiver was not entered into knowingly and voluntarily. Applying the Teeter factors here, it is clear that the gravity of the alleged error is extremely small — it concerns a parenthetical in a twenty-four page government motion in another defendant’s case. This parenthetical does not hurt Garland’s reputation any more than the information that was already on the public record regarding the alleged offense conduct.
III.
For the reasons stated above, we will affirm the judgment of the district court.